**IN THE UNITED STATES DISTRICT COURT**
**IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA**

SOUTH FLORIDA TEA PARTY, INC.,
A Florida non-profit corporation, et al.,

      Plaintiffs,

v.                                       CASE NO.:  10-80062-CV-MARRA/JOHNSON

TEA PARTY, et al.

      Defendants.
_____/

**PLAINTIFFS' RULE 56(f) MOTION**
**AND ALTERNATIVELY**
**PLAINTIFFS' MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs, by and through undersigned counsel, and pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, hereby request that Defendants "Tea Party" and O'Neal's Motion for Summary Judgment be denied without prejudice as the same was filed prematurely. Alternatively, the Plaintiffs request an enlargement of time to respond in opposition to the Motion for Summary Judgment up to and including fourteen (14) days after the Court has ruled on the instant Motion.

**INTRODUCTION**

Defendants' Motion for Summary Judgment is not supported by any evidence, testimony, reliable documents, or other support.  Given the posture of this case, the nature of the Defendants' Motion is no surprise.  The fact is that no substantive discovery has occurred. Specifically, the Defendants have yet to participate in any way in the discovery process, and Plaintiffs Interrogatories and Requests for Production remain outstanding.  Furthermore, the Defendants have not even Answered the Complaint or asserted any Affirmative Defenses.  It is simply too early in litigation for summary judgment to be properly briefed and opposed.

1

Plaintiffs cannot reasonably be expected to say what facts are and are not genuinely disputed in good faith without the benefit of discovery, or even an Answer to the Complaint. For this reason, Plaintiffs ask that, pursuant to Rule 56(f), the Defendants' Motion for Summary Judgment be denied without prejudice to afford the Plaintiffs an opportunity to conduct discovery sufficient to properly respond to the Motion upon re-filing of the same.

## MEMORANDUM OF LAW

Concerning Defendants' Motion for Summary Judgment, Rule 56(c) states that:

> [t]he judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

See Fed.R.Civ.P.56(c). Thus, the parties may rely upon four (4) categories of documents in support or opposition of a Motion for Summary Judgment, namely, (1) pleadings; (2) discovery; (3) disclosures on file; and (4) affidavits. Id. However, as of the filing of the instant Motion, the Defendants have not taken or produced any discovery, the Defendants have not produced Initial Disclosures, Plaintiffs have served Requests for Production and Interrogatories but responses are not yet due, Defendants have failed to file any affidavits in support of their Motion for Summary Judgment,[1] and Defendants have not filed any pleadings as defined by Rule 7(a). Thus, Defendants have failed to present any of the specific support required by Rule 56(c) sufficient to show that there is no genuine issue as to any material fact, and Plaintiffs have not had an

---

[1] It appears that attorney Frederick O'Neal's signature on the Motion for Summary Judgment has been notarized and includes a statement that Mr. O'Neal "knows from his own personal knowledge that the factual statements contained [in the Motion for Summary Judgment] are true and correct." Presumably, Mr. O'Neal, a lawyer and member of the Florida Bar since 1978, cannot be troubled to prepare an affidavit of his own testimony apart from the Motion, but rather intends the Motion to be both Motion and affidavit. Were Mr. O'Neal a *pro se* non-attorney litigant, the undersigned might not object. However, Mr. O'Neal as an officer of the Court should be held to a higher standard. The "affidavit" is so intertwined with argument and conjecture as to be completely unreliable, and should be disregarded.

opportunity to gather the necessary information required to respond in opposition to the Defendants' Motion.

For just this reason Rule 56(f) states that:

> [i]f a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order.

See Fed.R.Civ.P. 56(f).[2]

While Rule 56(c) allows a party to move for summary judgment "at any time until 30 days after the close of all discovery," in general, "[s]ummary judgment should not . . . ordinarily be granted before discovery has been completed."  See Alabama Farm Bureau Mutual Casualty Co. v. American Fidelity Life Ins. Co., 606 F.2d 602, 609 (5th Cir. 1979);[3] Snook, 859 F.2d at 870 ("This court has often noted that summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery."); Metropolitan Life Ins. Co. v. Bancorp Services, LLC, 527 F.3d 1330, 1336-37, and fn3 (Fed. Cir. 2008)(noting that it is "the prevailing rule in all circuits" that "the parties must be afforded adequate time for general discovery before being required to respond to a motion for summary judgment"); and Thomas v. Maui Tacos/Tiki Takiz, LLC, 2005 WL 2002079 (M.D. Ala. 2005)(granting 56(f) relief where no discovery had been conducted).

Although it is ordinarily the burden of the non-moving party to show that specific discovery is needed and that such discovery would or could show a disputed issue of material fact, Snook, 859 F.2d at 870 (noting that where "documents or other discovery sought would be

---

[2] While Rule 56(f) specifically calls for an affidavit, in the Eleventh Circuit, "a party opposing a motion for summary judgment need not file an affidavit pursuant to Rule 56(f) in order to invoke the protection of that Rule." See Allen v U.S. EEOC Office, 2010 WL 653329 *2 (11th Cir. 2010)(quoting Snook v. Trust Co. of Ga. Bank of Savannah, N.A., 859 F.2d 865, 871 (11th Cir. 1988)).  Instead, "written representation by plaintiff's lawyer, an officer of the court, is in the spirit of Rule 56(f)." Snook, 859 F.2d at 871.

[3] The decisions of the former Fifth Circuit entered before October 1, 1981 are binding precedent in this Circuit. See Bonner v. City of Pritchard, 661 F.2d 1206 (11th Cir. 1981).

relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials"), "**[w]hen, as here, there has been no adequate initial opportunity for discovery, a strict showing of necessity and diligence that is otherwise required for a Rule 56(f) request for additional discovery does not apply**." See Metropolitan Life Ins. Co., 527 F.3d at 1337 (internal citations omitted)(emphasis added).  Thus, Plaintiffs need not show what specific discovery they would require in order to be able to respond to the Motion for Summary Judgment.

In any event, Plaintiffs can identify numerous examples of necessary discovery that remains to be taken before the Plaintiffs can adequately respond to the Motion for Summary Judgment.  For example, Defendants' Motion for Summary Judgment includes certain attachments.  However, these attachments are not authenticated, and cannot be relied upon either in support or in opposition of a motion for summary judgment.  See Saunders v. Emory Healthcare, Inc., 2010 WL 65170 *2 (11th Cir. Jan. 11, 2010).  Even if the documents were authenticated and were therefore the sort of documents which could be relied upon, further discovery in the form of requests for production and depositions would need to be taken in order to establish whether other emails were sent as part of the referenced email "strings" that would shed additional light on the "facts" alleged by the Defendants in their Motion.

Another example of necessary discovery is with respect to Defendants' allegations in the Motion for Summary Judgment as to their "intent" to take or not to take certain actions.  For example, Defendants claim that they "ha[ve] no and ha[ve] had no intention of filing suit against any of the Plaintiffs for their use of the phrase 'Tea Party.'"  (D.E. 24, p. 6).  However, the defendants go on to assert that they do "intend to pursue Plaintiff Wilkinson over his continued

4

public description of himself as the 'chairman of the Florida Tea Party.'" Id.  The Plaintiffs cannot reasonably be expected to respond to these statements without first being permitted to conduct discovery.

Given the posture of this case, namely:

- Defendants have not filed an Answer to the Complaint;
- Defendants have not filed any Affirmative Defenses;
- Defendants' Motion to Dismiss remains pending;
- Plaintiffs' Interrogatories and Requests for Production have not been answered;
- Defendants have not taken any discovery;
- Defendants have not provided Initial Disclosures; and
- No depositions have been taken;

the Plaintiffs are not yet in a position to present facts (supported by testimony and documents in an admissible form) sufficient to justify an opposition to Defendants' Motion for Summary Judgment.  Furthermore, given that this action is in its infancy and that no substantive discovery has been taken, the instant Motion should be granted without need for the Plaintiffs to show what specific discovery is required.  See Metropolitan Life Ins. Co., 527 F.3d at 1337.

## MOTION FOR ENLARGEMENT OF TIME

In the event that the Court does not grant Plaintiffs' Rule 56(f) Motion above, Plaintiffs request an enlargement of time to respond in opposition to the Defendants' Motion for Summary Judgment up to and including fourteen (14) days after the Court has ruled on the Rule 56(f) Motion.

The instant request is not made merely for delay.  Rather, Plaintiffs assert that good cause exists pursuant to Rule 6(b)(1)(a) for the requested extension of time.  Plaintiffs intend to oppose the Defendants' Motion for Summary Judgment and plan to file their own Motion for Summary Judgment once discovery is complete.  However, Plaintiffs do not believe that there is sufficient

information or evidence available to reasonably respond to the Defendants' Motion for Summary Judgment at this time.

WHEREFORE, Plaintiffs respectfully request that the Court deny Defendants' Motion for Summary Judgment without prejudice to allow the Plaintiffs sufficient opportunity to conduct discovery and to prepare a response in opposition to the Motion upon re-filing. Specifically, Plaintiffs ask that the Defendants' Motion for Summary Judgment be denied and that the Court instruct the parties not to file any other Motions for Summary Judgment until at least the close of discovery.

Dated April 23, 2010                              Respectfully Submitted,

              By: /s/ Frank Herrera
                 Frank Herrera
                 Florida Bar No. 494801
                 Email: fherrera@qpwblaw.com
                 Gustavo Sardiña
                 Florida Bar No. 31162
                 Email: gsardina@qpwblaw.com
                 QUINTAIROS, PRIETO, WOOD & BOYER
                 9300 S. Dadeland Blvd.
                 Fourth Floor
                 Miami, Florida 33156
                 Telephone: 305-670-1101
                 Facsimile: 305-670-1161
                 ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy hereof is being filed via the Court's CM/ECF online filing system, and that the same is being served on the Defendants, namely:

The Tea Party and
Frederic B. O'Neal, Esq.
P.O. Box 842
Windermere, Florida 34786

Nicholas Egoroff
5402 Andover Drive
Orlando, Florida 32812

Douglas Guetzloe
P.O. Box 531101
Orlando, Florida 32853

via U.S. Mail this 23 day of April, 2010.

By: _s/GUSTAVO SARDIÑA____
Gustavo Sardiña

**IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA**

SOUTH FLORIDA TEA PARTY, INC.,
A Florida non-profit corporation, et al.,

      Plaintiffs,

v.                                  CASE NO.:  10-80062-CV-MARRA/JOHNSON

TEA PARTY, et al.

      Defendants.
_____/

**ORDER**

THIS CAUSE came before the Court on Plaintiffs' Rule 56(f) Motion, filed on April __, 2010 [D.E. __] Upon review of this motion, and for good cause shown, it is hereby:

ORDERED that Plaintiffs' motion is GRANTED.  Defendants Tea Part and Frederick O'Neal's Motion for Summary Judgment (D.E. 24) is denied without prejudice.  The parties shall file their respective motions for summary judgment after the close of discovery on July 15, 2010, but no later than the dispositive motion deadline of August 6, 2010.

DONE AND ORDERED in Chambers, this __ day of _____, 2010.

                                                          _____
                                                          United States District Judge