IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA

SOUTH FLORIDA TEA PARTY, INC.,
*et al.*,

        Plaintiff(s),

vs.                        CASE NO. 9:10-CV-80062-MARRA/JOHNSON
                               (Judge Kenneth A. Marra)

TEA PARTY, *et al.*,

        Defendant(s).

_____/

### DEFENDANTS, TEA PARTY AND O'NEAL'S OPPOSITION TO PLAINTIFFS' RULE 56(f) MOTION (Doc. 25)

Pursuant to Rule 7.1 of the local rules of this Court, Defendant, FREDERIC B. O'NEAL a/k/a "Fred O'Neal," ("Defendant") in his individual capacity and the TEA PARTY, an unincorporated Florida political party, by and through Defendant in his official capacity as its chairman and sole officer, files this opposition to Plaintiffs' Rule 56(f) Motion, etc. (Doc. 25), and in opposition thereto would show this Court the following.

On April 13, 2010, Defendant filed a verified motion for summary judgment herein. As grounds for the motion, Defendant asserted the following:

> " ... [C]ontrary to the allegations in Plaintiffs' Amended Complaint, Defendant has never threatened any of the Plaintiffs (or anyone else for that matter) with litigation over use of the phrase "Tea Party" in an organizational name. Hence,

1

there is no "substantial likelihood" of Plaintiffs suffering the purported "injury" alleged in the Amended Complaint, to-wit: there is no "substantial likelihood" that Defendant will file suit against any of the Plaintiffs over use of the phrase "Tea Party" in an organizational name."

In his required "Statement of Material Facts," Defendant asserted, among other things, the following:

"(1) In their Amended Complaint (Doc. 11), Plaintiffs repeatedly state, "Defendants have made explicit and implicit threats against some of the Plaintiffs regarding the use of the phrase "Tea Party.""[1] Plaintiffs additionally state, "These threats have placed all of the Plaintiffs in reasonable fear that they will be sued by the Defendants for Trademark Infringement, or other causes of action."[2]

"(2) In support of these general allegations, Plaintiffs in their Response (Doc. 20) point to three purported emails – one to non-plaintiff Barry Willoughby (*see,* paragraph 68 of the Amended Complaint); one to Plaintiff, Everett Wilkinson (*see,* paragraph 63 of the Amended Complaint); and one to Timothy Lucero, Plaintiff Wilkinson's attorney (*see,* paragraph 65 of the Amended Complaint).

"(3) The bottom line is that none of the actual emails sent by the undersigned constitutes a threat of litigation against any of the Plaintiffs over use of the phrase "Tea Party" in an organizational name.

...

"(5) Contrary to what the Plaintiffs allege in their Amended Complaint, the email set out in paragraph 68 of Plaintiffs' Amended Complaint is not the email Defendant sent Barry Willoughby.

"(6) Rather, in an apparent attempt to created a "manufactured controversy," rather than an "actual controversy," upon which to base their Amended Complaint, Plaintiffs took the actual email Defendant sent, doctored it in significant ways, left out those parts that did not fit into their "manufactured controversy," and inserted a doctored email into their pleadings.

"(7) In short, Plaintiffs have attempted to perpetrate a fraud on this Court.

..."

---

1 *See, e.g.,* paragraphs 81, 90, 99, 107, 115 and 123 of Plaintiffs' Amended Complaint.
2 *See, e.g.,* paragraphs 82, 91, 101, 106, 114 and 122 of Plaintiffs' Amended Complaint.

In the "Memorandum of Law" portion of Defendant's summary judgment motion, Defendant asserted, among other things, the following:

> "(15) To demonstrate the necessary existence of an "actual controversy" under the Declaratory Judgment Act, <u>each</u> of the Plaintiffs must show, among other things, that "[<u>they</u> have] suffered some actual or threatened injury resulting from the defendant's conduct." (Emphasis supplied). *See*, <u>Cummins v. State Farm Mutual Automobile Ins. Co.</u>, 323 Fed.Appx. 847 (11th Cir. 2009), as quoted on page 6 of Plaintiffs' Response (Doc. 20). This requirement is, basically, the same as the "standing" requirement for an Article III "case or controversy," to-wit: that each "plaintiff must allege facts from which it appears there is a <u>substantial likelihood</u> that <u>he</u> will suffer injury in the future." (Emphasis supplied). <u>Malowney v. Federal Collection Deposit Group</u>, 193 F.3d 1342, 1346-47 (11th Cir. 1999). Further, *Malowney* requires that the "future injury" be "<u>definite</u>, rather than speculative." (Emphasis supplied). *Id.*"

Finally, in his "Summary," Defendant stated the following:

> "(21) In short, there are <u>no</u> material facts showing a <u>substantial likelihood</u> that undersigned Defendant intends to file any lawsuit against any of the Plaintiffs under either Section 103.081, Section 865.09 or the Lanham Act over the Plaintiffs' use of the phrase "Tea Party" in conjunction with their organizational names. Therefore, as a matter of law, Plaintiffs have no standing to sue undersigned Defendant or the Tea Party under the Declaratory Judgment Act nor is there any "actual controversy" here such as would give this Court jurisdiction under that Act."

In response to the above, Plaintiffs filed a Rule 56(f) motion stating that they could not adequately respond to the above and needed additional time to conduct discovery. Of note, in their Rule 56(f) motion there is no denial of the assertion in paragraph 7 of the summary judgment motion that Plaintiffs have attempted to perpetrate a fraud on the Court by inserting into their pleadings a doctored version of the actual email the undersigned sent non-plaintiff Barry Willoughby. Nor did Plaintiffs file any affidavits attempting to verify the doctored email. Nor have Plaintiffs filed any affidavits asserting that the undersigned threatened them with litigation over their use of the phrase "Tea

3

Party" in their organization name. In short, in their Rule 56(f) motion there are no denials of the factual assertions of the undersigned's summary judgment.

Rather, Plaintiffs ask for additional time to conduct additional discovery ostensibly for the purpose of discovering evidence of the "threats of litigation" the undersigned alleged in the Amended Complaint.

That Plaintiffs would ask for additional time to conduct discovery in order to come up with evidence of the "threats of litigation" alleged in the Amended Complaint is a telling indication of the frivolous nature of this litigation.

In pertinent part, Sub-section (3) of Rule 11(b) ("**Representations to the Court**") states that, by presenting to the court a pleading, an attorney certifies that to the best of his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the factual contentions of the pleading have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

In the instant case, the Amended Complaint asserts that the undersigned has threatened each of the Plaintiffs with litigation over their use of the phrase "Tea Party" in their organizational names. Now, where is the proof of that assertion? According to Rule 11, the assertion would not have been made had there been no "evidentiary support" for it.

As a matter of common sense, if the undersigned had threatened each of the Plaintiffs with litigation over the use of the phrase "Tea Party" in their organizational names, wouldn't at least one of the Plaintiffs have sufficient personal knowledge of that fact to file a counter-affidavit now? After all, each of the Plaintiffs alleged it in their

4

Amended Complaint. The Plaintiffs' attorney signed the complaint. There is no Rule 11 qualifier in the Amended Complaint identifying the asserted threats as a factual allegation Plaintiffs would need further investigation or discovery to develop evidentiary support for.

Put another way, if the undersigned had threatened each (or any) of the Plaintiffs with such litigation, why have no counter-affidavits already been filed?

The only logical conclusion that can be drawn from the fact that no counter-affidavits have been filed already is that no such threats were ever made.

Hence, the only logical conclusion can be that this is a bogus lawsuit and the premise of the lawsuit that such threats had been made by the undersigned is equally bogus.

Filed along with this opposition are three Rule 11 motions, each asserting this is a bogus lawsuit. The Rule 11 motion filed against the original plaintiffs, McClellan and Wilkinson, asserts Wilkinson and McClellan filed this lawsuit for the improper purposes of harassing the defendants and using the false premise about threatened litigation in an attempt to drive a wedge between the Tea Party political party and those groups within the Tea Party movement using the phrase "Tea Party" in their organizational names (i.e. roughly 100% of such organizations).

If that Rule 11 motion is correct that this lawsuit was filed to harass, etc., allowing this bogus lawsuit to get past the undersigned's summary judgment motion by granting Plaintiffs' Rule 56(f) motion will, essentially, allow the Plaintiffs (and their counsel) to continue to use this lawsuit and the facilities and procedures of this Court to harass the Defendants and further achieve their political end of driving a wedge between the

Defendants and organizations in the Tea Party movement using the phrase "Tea Party" in their organizational name.

For that reason, the undersigned asks this Court to deny Plaintiffs' Rule 56(f) motion and to, instead, give the Plaintiffs a set period of time (e.g. 10 days) to file counter-affidavits showing proof that the undersigned has threatened them with litigation over their use of the phrase "Tea Party" in their organizational names. Absent such counter-affidavits, the undersigned's motion for summary judgment should be granted.

## Memorandum of Law

In their Rule 56(f) motion, Plaintiffs complain that no document denominated "affidavit" was filed together with the undersigned's motion for summary judgment. Rather, the undersigned signed a verification based on "personal knowledge" of the factual statements contained in the motion.

For Rule 56 purposes, a verified pleading or motion acts the same as an affidavit, provide it meets the standards of Rule 56(e).3

In the instant case, the verification is based on personal knowledge and the factual statements contained in the motion (e.g. whether the undersigned made threats against

---

3 *See, e.g.,* Josendis v. Wall to Wall Residence Repairs, Inc., 606 F.Supp.2d 1376, 1379 (S.D. Fla. 2009) ("[2][3] At the summary judgment stage, a verified pleading may serve as an affidavit if it conforms to the requirements of Federal Rule of Civil Procedure 56(e)."); *see also,* U.S. v. Four Parcels, 941 F.2d 1428, 1444 (11th Cir. 1991) ("FN. 35. A verified pleading may be treated as an affidavit on summary judgment if it satisfies the standards of Fed.R.Civ.P. 56(e)."(citation omitted)); *see also,* Fowler v. Southern Bell Telephone & Telegraph Company, 343 F.2d 150, 154 (5th Cir. 1965) (" Defendants contend that the removal petitions, being verified, must be accepted as true in the absence of contravention by the plaintiff. They argue, in effect, that the verified removal petitions are equivalent to affidavits supporting their motions, which require the opposing party to respond and show by specific facts that there is no genuine issue for trial. Rule 56(e), F.R.Civ.P. [6][7][8] We agree that verified pleadings may in some circumstances be treated as affidavits in support of a motion for summary judgment which require the opposing party to respond under Rule 56(e). However, summary judgment is not warranted unless the verified pleadings meet the standards for affidavits laid down by Rule 56(e)." (citations omitted)).

each of the Plaintiffs, the difference between the actual email the undersigned sent Barry Willoughby and the doctored email in the Plaintiffs' Amended Complaint, and the authenticity of the undersigned's emails attached to the motion) are all clearly matters about which the undersigned would have personal knowledge.

As an aside and for what it's worth, verified summary judgment motions are common practice in Florida.4

Finally, under prior decisions of the Eleventh Circuit, if a party seeks to avoid summary judgment on the ground that additional discovery is necessary, they "must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of material fact." FEC v. Reform Party of the United States, 479 F.3d 1302, 1309 (11th Cir. 2007), quoting from, Reflectone, Inc. v. Farrand Optical Co., Inc., 862 F.2d 841, 843 (11th Cir. 1989).

In the instant case, there is nothing in Plaintiffs' Rule 56(f) motion demonstrating how the Court's allowing them additional time will somehow enable them to come up with evidence of the alleged "threats of litigation" the undersigned supposedly made against each of the Plaintiffs.

Put another way, if the Plaintiffs don't already have evidence of such alleged threats, additional time won't help them.

---

4 *See, e.g.*, U.S. v. Lena, 2010 WL 1141062 (11th Cir. March 25, 2010); In re All Star Mtge. Financial Corp., 411 B.R. 774 (Bktcy.S.D.Fla. 2009); In re Atlantic Intern. Mtge. Co., 373 B.R. 152 (Bktcy. M.D. Fla. 2007); John Carlo, Inc. v. GOAA, 2007 WL 430647 (M.D. Fla. 2007); In re Gill, 343 B.R. 732 (Bktcy. M.D.Fla. 2006); Pavolini v. Williams, 915 So.2d 251 (Fla. 5th DCA 2005).

## Summary

Having failed to show the need for additional time to come up with evidence of the undersigned's supposed threats of litigation against each of the Plaintiffs, Plaintiffs' Rule 56(f) motion should be denied and Plaintiffs should be given an additional ten (10) days to file such counter-affidavits or other evidence as they deem appropriate in opposition to the undersigned's summary judgment motion.

Respectfully submitted by,

/s/ Frederic B. O'Neal

Frederic B. O'Neal, Esq., individually
and in his official capacity as chairman
and sole officer of the Tea Party,
a registered Florida minor political party
Florida Bar No. 0252611
Frederic B. O'Neal, Esq.
P.O. Box 842
Windermere, FL 34786
(407) 719-6796
Fax (407) 292-5368
Fredonealatlaw@aol.com

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail delivery on this _6_ day of May, 2010, to the following persons:

Frank Herrera
Quintaros, Prieto, Wood & Boyer, P.A.
9300 South Dadeland Blvd.
Fourth Floor
Miami, FL 33156

Timothy Lucero, Esq.
Lucero Law Group
10693 Wiles Road, Ste. 159
Coral Springs, FL 33076

_____
Frederic B. O'Neal, Esq., individually
and in his official capacity as chairman
and sole officer of the Tea Party,
a registered Florida minor political party
Florida Bar No. 0252611
Frederic B. O'Neal, Esq.
P.O. Box 842
Windermere, FL 34786
(407) 719-6796
Fax (407) 292-5368
Fredonealatlaw@aol.com