IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA



SOUTH FLORIDA TEA PARTY, INC.,
*et al.*,

      Plaintiff(s),

vs.                        CASE NO. 9:10-CV-80062-MARRA/JOHNSON
                                    (Judge Kenneth A. Marra)

TEA PARTY, *et al.*,

      Defendant(s).
_____/

### DEFENDANTS, TEA PARTY AND O'NEAL'S RULE 11 MOTION FOR SANCTIONS AGAINST THE OUT OF STATE PLAINTIFFS

Pursuant to Rule 11(c) ("**Sanctions**"), Fed.R.Civ.P., Defendant, FREDERIC B. O'NEAL a/k/a "Fred O'Neal," ("Defendant O'Neal" or "O'Neal"), in his individual capacity and the TEA PARTY ("Defendant Tea Party" or "Tea Party"), an unincorporated Florida political party, by and through O'Neal in his official capacity as its chairman and sole officer, move this Court to impose sanctions against the Plaintiffs, JOHN STAHL, MAUREEN HOURIGAN, GERRI IRVINE, TOBY MARIE WALKER, LEON HOWARD, and MARY BETH ERDMANN (collectively, "the Out of State Florida Plaintiffs"), and their counsel of record herein, jointly and severally, for violation of the standards of Rule 11(b)(2), and (3), Fed.R.Civ.P., in filing their Amended Complaint.

1

In support hereof, Defendants O'Neal and Tea Party would show this Court the following:

**Rule 11(b)(2) – lack of legal foundation for claims made in the Amended Complaint**

(a) At no point in these proceedings have Out of State Plaintiffs cited any legal authority, case law or otherwise, -

- supporting Plaintiffs' claim that they have a First Amendment right to use the phrase "Tea Party" in their organizational names;1

- or supporting Plaintiffs' claim that Section 103.081 or Section 865.09 or statutes like them somehow infringe on rights granted under the Lanham Act;

- or supporting Plaintiffs' claim that Section 103.081 or Section 865.09 or statutes like them somehow infringe on Plaintiffs' First Amendment rights;

- or supporting Plaintiffs' claim that one who does not hold a trademark under the Lanham Act can sue under the Lanham Act for "false association;"

- or supporting Plaintiffs' claim that one who does not hold a trademark act under the Lanham Act can challenge a state statute as having been preempted by the Lanham Act;

---

1 As an aside, the adjectives "republican" and "democratic" are just as widely used as the phrase "Tea Party" in political discussions. Where is the case law supporting a First Amendment right to use those adjectives in an organizational name?

2

- or supporting Plaintiffs' claim that one who merely has a "fear of possible litigation in the future" without facts showing a substantial likelihood that such litigation will occur has standing to sue for declaratory relief;

- or supporting Plaintiffs' claim that Defendants Guetzloe and Egoroff ever threatened anyone with anything regarding the use of the name "Tea Party;"

- or supporting the Out of State Plaintiffs' claim of a legitimate fear there is a substantial likelihood of their being sued for violating a Florida statute;

- or supporting Plaintiffs' claim that there is a substantial likelihood that they will be sued for violation of the Lanham Act, despite the fact that neither Plaintiffs nor Defendants have registered or tried to register trademark rights to the name "Tea Party."

(b) In short, the claims made by the Out of State Plaintiffs in this action are frivolous and without legal foundation.

### Rule 11(b)(3) – lack of evidentiary support

(c) As detailed in O'Neal and Tea Party's summary judgment motion, there is <u>no</u> evidentiary support for the Out of State Plaintiffs' central claim that O'Neal has been threatening to sue any of them for using the phrase "Tea Party" in their organizational names.

3

(d) Apparently because they knew there was no evidentiary support for that claim, the Out of State Plaintiffs committed a fraud on this Court by filing a doctored version of O'Neal's January 10, 2010 email to Barry Willoughby, as described in O'Neal's summary judgment motion.

## Memorandum of Law

(e) In its recent decision in the case of <u>Thomas v. Early County</u>, Case No. 09-12232, 2010 WL 27970 (11th Cir. January 7, 2010), the Eleventh Circuit outlined when awarding Rule 11 sanctions are appropriate.

> "Rule 11 prohibits three types of conduct: filing a pleading that has no reasonable factual basis; filing a pleading based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change the law; and filing a pleading in bad faith or for an improper purpose.
>
> "In this circuit, a court when confronted with a motion for Rule 11 sanctions first determines whether the party's claims are objectively frivolous – in view of the facts or law – and then, if they are, whether the person who signed the pleadings should have been aware that they were frivolous; that is, whether he would have been aware had he made a reasonable inquiry. If the attorney failed to make a reasonable inquiry, then the court must impose sanctions despite the attorney's good faith belief that the claims were sound." (Citations omitted). *Id.* at pp. 3-4.

## Summary

(f) Under the above stated law and facts, Rule 11 sanctions should be awarded against the Out of State Plaintiffs and their counsel of record.

Respectfully submitted by,

Frederic B. O'Neal, Esq., individually
and in his official capacity as chairman

4

and sole officer of the Tea Party,
a registered Florida minor political party
Florida Bar No. 0252611
Frederic B. O'Neal, Esq.
P.O. Box 842
Windermere, FL 34786
(407) 719-6796
Fax (407) 292-5368
Fredonealatlaw@aol.com

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail delivery on this ___ day of April, 2010, to the following persons:

Frank Herrera
Quintaros, Prieto, Wood & Boyer, P.A.
9300 South Dadeland Blvd.
Fourth Floor
Miami, FL 33156

Timothy Lucero, Esq.
Lucero Law Group
10693 Wiles Road, Ste. 159
Coral Springs, FL 33076

Frederic B. O'Neal, Esq., individually
and in his official capacity as chairman
and sole officer of the Tea Party,
a registered Florida minor political party
Florida Bar No. 0252611
Frederic B. O'Neal, Esq.
P.O. Box 842
Windermere, FL 34786
(407) 719-6796
Fax (407) 292-5368
Fredonealatlaw@aol.com