## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA

SOUTH FLORIDA TEA PARTY, INC.,
A Florida non-profit corporation, et al.,

       Plaintiffs,

v.                          CASE NO.:  10-80062-CV-MARRA/JOHNSON

TEA PARTY, et al.

       Defendants.

_____/

## MOTION TO FILE UNDER SEAL RE:
## PLAINTIFFS' EMERGENCY MOTION FOR RELIEF

The Plaintiffs, by and through undersigned counsel, pursuant to Local Rule 5.4, hereby request that the Court permit the accompanying Emergency Motion For Relief to be filed under seal, and in support thereof state as follows:

On or about July 28, 2010 the Defendants sent an email to a third party making false and defamatory statements concerning this action. See Plaintiffs' Emergency Motion For Relief, being filed under seal contemporaneously herewith.  These statement were false, damaging, and constitute libel *per se*. Id.

Plaintiffs believe, that although the statements were made in writing and published to at least one third party, that public filing of the defamatory statements and the motion quoting the same would lead to greater dissemination of the falsehoods, embarrassment to the parties, promote scandal, and escalate damages.  Thus, Plaintiffs respectfully request that the Emergency Motion For Relief be permitted to be filed under seal.

## MEMORANDUM OF LAW

The public's right of access to court files creates a presumption in favor of openness which "must be balanced against any competing interest advanced."  See Rossbach v. Rundle, 128 F.Supp.2d 1348, 1351-52 (S.D.Fla. 2000)(citing U.S. v. Noriega, 752 F.Supp. 1037, 1040 (S.D.Fla. 1990)). "Among the factors that courts have recognized as warranting restricting access to court records is the use of records for 'illegitimate purposes such as to promote scandal.'" Id. at 1352 (quoting Newman v. Graddick, 696 F.2d 796, 803 (11th Cir. 1983)).  Further, "the common-law right of inspection has bowed before the power of the court to insure that its records are not used to gratify private spite or promote public scandal . . . **courts have refused to permit files to serve as reservoirs of libelous statements for press consumption**."  See In re Reporters Committee For Freedom of the Press, 773 F.2d 1325, 1333 (D.C.Cir. 1985)(Scalia, J.)(emphasis added).

As set out in the Emergency Motion For Relief sought to be filed under seal, Defendants have made libelous statements, are prone to submitting the same to the media through "media releases," and are doing so for the improper purpose of creating and perpetuating scandal.  Thus, sealing the Motion is appropriate.

## MOTION FOR EMERGENCY ORDER

Additionally, given the Defendants' proclivity for making "media releases," the Plaintiffs respectfully request an emergency Order that the Defendants be specifically enjoined from releasing a copy of the Motion for Emergency Relief, or otherwise releasing the content thereof.

WHEREFORE, Plaintiffs respectfully request that the Emergency Motion For Relief being filed under seal herewith pursuant to the procedures set out in Local Rule 5.4, and that the same be permitted to remain sealed for a period of five (5) years.

Dated:  July 30, 2010                          Respectfully Submitted,

                            By:    /s/ _FRANK HERRERA_____
                                   Frank Herrera
                                   Florida Bar No. 494801
                                   Email: fherrera@qpwblaw.com
                                   Gustavo Sardiña
                                   Florida Bar No. 31162
                                   Email: gsardina@qpwblaw.com
                                   QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
                                   9300 S. Dadeland Blvd.
                                   Fourth Floor
                                   Miami, Florida 33156
                                   Telephone: 305-670-1101
                                   Facsimile: 305-670-1161
                            And
                                   Timothy Lucero, Esq.
                                   LUCERO LAW GROUP
                                   10693 Wiles Road, Suite 159
                                   Coral Springs, Florida 33076
                                   Tel.: (954) 592-5277
                                   Email: attorneytimothylucero@yahoo.com
                                   **Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy hereof is being filed with the Court's electronic CM/ECF filing system, and that the same is being served on the Defendants, namely:

The Tea Party and
Frederic B. O'Neal, Esq.
P.O. Box 842
Windermere, Florida 34786

Douglas Guetzloe
P.O. Box 531101
Orlando, Florida 32853

via U.S. Mail this 30th day of July, 2010.

                            By: _s/GUSTAVO SARDIÑA____
                                   Gustavo Sardiña

### IN THE UNITED STATES DISTRICT COURT
### IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA

SOUTH FLORIDA TEA PARTY, INC.,
A Florida non-profit corporation, et al.,

      Plaintiffs,

v.                                                                              CASE NO.:  10-80062-CV-MARRA/JOHNSON

TEA PARTY, et al.

      Defendants.
_____/

### ORDER

THIS CAUSE came before the Court on Plaintiffs' Motion to File Under Seal, Re: Motion for Emergency Relief, filed on July 30, 2010 [D.E. __]. Upon review of this motion, and for good cause shown, the Court states as follows:

ORDERED that Plaintiffs' Motion is GRANTED.  Plaintiffs' Motion for Emergency Relief shall remain sealed for a period of five (5) years from the signing of this Order.  At the termination of the five (5) year period, the documents shall be destroyed.

Defendants are further ordered not to release a copy of the Motion for Emergency Relief and to keep the content of the same confidential.

DONE AND ORDERED in Chambers, this __ day of _____, 2010.

                                        _____
                                        United States District Judge

4