UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80062-CIV-MARRA/JOHNSON

SOUTH FLORIDA TEA PARTY, INC.,
A Florida non-profit corporation, et al.,

       Plaintiff,
vs.

TEA PARTY, et al.

       Defendants.
_____/

### ORDER ON PLAINTIFFS' COUNSEL'S MOTION TO WITHDRAW

THIS CAUSE is before the Court upon Plaintiffs' Counsel's Motion to Withdraw [DE 58]. The Court has carefully considered the motion and the response. No reply was filed.

The arguments raised by Defendants in opposition to the motion do not demonstrate any prejudice or adverse effect on Defendants' case if Plaintiffs' counsel is permitted to withdraw. Whether there is an actual or potential conflict of interest in this case is irrelevant; if Plaintiffs' counsel wishes to withdraw for whatever reason, justified or unjustified, and if Plaintiffs have no objection, Defendants have no grounds to object.

It is well-established, however, that fictional legal persons cannot appear *pro se* in federal court. See <u>Palazzo v. Gulf Oil Corp.</u>, 764 F.2d 1381, 1385 (11th Cir. 1985) (corporations cannot appear for themselves). An unincorporated association (or group of concerned citizens) is an artificial entity that can only act through its

agents, and thus must be represented by a licensed attorney.  See Church of the New Testament v. United States, 783 F.2d 771, 773-74 (9th Cir. 1986); MOVE Organization v. U.S. Dept. of Justice, 555 F. Supp. 684, 693 (E.D. Pa. 1983).  The non-profit corporations and unincorporated association plaintiffs cannot proceed in this case without counsel, and so withdrawal would unduly prejudice them if they cannot obtain substitute counsel.  After due consideration, it is hereby

ORDERED AND ADJUDGED that Plaintiffs' Counsel's Motion to Withdraw [DE 58] is GRANTED.  Frank Herrera, Gustavo Sardina, and the Law Office of Quintairos, Prieto, Wood & Boyer, P.A. are relieved of further responsibility in this action.  The two individual Plaintiffs, Everett Wilkinson and Tim McClellan, shall file a notice with the Court informing it whether they will be representing themselves or whether they will be represented by counsel.  The corporate and unincorporated association plaintiffs must obtain substitute counsel on or before October 1, 2010.

DONE AND ORDERED in Chambers at West Palm Beach, Palm Beach County, Florida, this 7th day of September, 2010.

                                                     KENNETH A. MARRA
                                                   United States District Judge

copies to:
All counsel of record