IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA

FILED by _____ D.C.

SEP 3 0 2010

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

SOUTH FLORIDA TEA PARTY, INC.,
*et al.*,

      Plaintiff(s),

vs.

                      CASE NO. 9:10-CV-80062-MARRA/JOHNSON
                              (Judge Kenneth A. Marra)

TEA PARTY, *et al.*,

      Defendant(s).

_____/

## DEFENDANTS, TEA PARTY AND O'NEAL'S
## MOTION FOR SANCTIONS

Pursuant to Rule 7.1 of the local rules of this Court, Defendant, FREDERIC B.

O'NEAL a/k/a "Fred O'Neal," ("Defendant") in his individual capacity and the TEA

PARTY, an unincorporated Florida political party, by and through Defendant in his official

capacity as its chairman and sole officer, move this Court to impose appropriate sanctions

on Plaintiffs and their former counsel for failing to provide the Court, the  Court-

appointed mediator and the Defendants with contact information for the now *pro se*

Plaintiffs.

In support hereof, Defendant would show this Court the following:

1

1. On August 4, 2010, Plaintiffs' former counsel filed a motion for leave to withdraw. (Doc. 58). Of note, the certificate of service of the motion states it was served on all the Plaintiffs, but the actual names and addresses of the Plaintiffs are not set forth.

2. On September 7, 2010, the Court entered an order (Doc. 60) granting Plaintiffs' former counsel's motion for leave to withdraw.

3. Subsequently, on September 13, 2010, Plaintiffs' former counsel filed a notice, acknowledging that both the Court and the Clerk's office had informed them that they needed to file the now *pro se* Plaintiffs' mailing addresses with the Court within 5 days.

4. Plaintiffs' former counsel have failed to do so.

5. Additionally, Laurie Riemer, the Court-appointed mediator in these proceedings, has, on numerous occasions, requested Plaintiffs and their former counsel to provide her with the mailing addresses for the Plaintiffs so that she can schedule a mediation herein, as so ordered by the Court (Doc. 23).1

6. Plaintiffs and their former counsel have failed to do so.

7. As a result of not having that contact information, the mediator has twice canceled scheduled mediations. There is now <u>no</u> mediation scheduled to occur prior to the deadline set by the Court's order of April 7, 2010 (Doc. 23).

---

1 Attached hereto are excerpts from the email traffic between the mediator and the parties attempting to schedule the mediation. Note: the numerous unresponded-to requests by the mediator and the undersigned for the mailing addresses and contact information for the now *pro se* Plaintiffs. Note also: the statement by Mr. McClellan (a non-attorney) in his September 17, 2010 email to the mediator that he proposes to appear and represent the other Plaintiffs at the mediation. Note also: the following statement by Mr. McClellan in his September 21, 2010 email to the mediator, "As you can see our last lawyers did not do us any favors, nor did

8. Plaintiffs' former counsel additionally failed to provide mailing addresses (and the names of individual representatives for the corporate and unincorporated association Plaintiffs) as part of their initial disclosures. In fact, Plaintiffs' former counsel essentially failed to provide <u>any</u> information or <u>any</u> documents as part of their initial disclosures.2

9. Plaintiffs and their former counsel additionally failed to provide mailing addresses or contact information for the Plaintiffs, as specifically requested in Defendants' Interrogatories. In fact, Plaintiffs and their former counsel essentially failed to provide <u>any</u> information or to produce <u>any</u> documents in response to Defendants' Interrogatories and Requests to Produce.3

10. In short, Plaintiffs and their former counsel have disregarded this Court, the Clerk's office, the Court's appointed mediator, the Rules of Civil Procedure and Defendants' rights to discovery and initial disclosures with regard to necessary contact information for individual Plaintiffs and Plaintiff entities.

11. As a result of the failure of Plaintiffs and their former counsel to provide that information, it is impossible for this case to proceed to mediation or to otherwise proceed.

WHEREFORE Defendant moves this Court to impose appropriate sanctions against Plaintiffs and their former counsel for disregarding this Court, the Clerk's

---

they keep us informed."
2 See, "Plaintiffs' Initial Disclosures," filed here with.
3 See, typical "Answers to Interrogatories of Plaintiff" filed here with. Note: Interrogatory Questions 9, 10, and 11 specifically ask for the addresses of the individual Plaintiffs and the name and address of the representatives of the unincorporated Plaintiff-entities. Note also: the Interrogatories are not signed. Rather, there are "objections" posed by Plaintiffs' former counsel to each particular Interrogatory Question.

office, the Court's appointed mediator, the Rules of Civil Procedure and

Defendants' rights to discovery and initial disclosure of necessary contact

information for the now *pro se* Plaintiffs.

Respectfully submitted by,

Frederic B. O'Neal, Esq., individually
and in his official capacity as chairman
and sole officer of the Tea Party,
a registered Florida minor political party
Florida Bar No. 0252611
Frederic B. O'Neal, Esq.
P.O. Box 842
Windermere, FL 34786
(407) 719-6796
Fax (407) 292-5368
Fredonealatlaw@aol.com

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing has been
furnished by U.S. Mail delivery on this 28th day of September, 2010, to the following
persons:

Frank Herrera
Gustavo Sardina
Quintaros, Prieto, Wood & Boyer, P.A.
9300 South Dadeland Blvd.
Fourth Floor
Miami, FL 33156

Laurie Riemer
Certified Mediator and Arbitrator
20143 NE 19th Place
North Miami Beach, FL 33179

Plaintiff, Tim McClellan
Political Strategist, Inc.

4

2637 E. Atlantic Blvd., Ste. 128
Pompano Beach, FL 33062

Plaintiff, Everett Wilkinson
4045 Pinella Circle, Apt. 640
Palm Beach Gardens, FL 33410

Remaining Plaintiffs
(address unknown)

Frederic B. O'Neal, Esq., individually
and in his official capacity as chairman
and sole officer of the Tea Party,
a registered Florida minor political party
Florida Bar No. 0252611
Frederic B. O'Neal, Esq.
P.O. Box 842
Windermere, FL 34786
(407) 719-6796
Fax (407) 292-5368
Fredonealatlaw@aol.com

## Certificate

By email, dated September 20, 2010, the undersigned notified the mediator, Plaintiff Tim
McClellan and Plaintiffs' former counsel that he would be filing a motion for sanctions for
Plaintiffs and their former counsel's failure to file the mailing addresses of the Plaintiffs
with the Court.   Since then, neither the Plaintiffs nor their former counsel have filed those
mailing addresses with the Court.

**Attachments to Motion for Sanctions**

**Attachment A – Excerpts from email traffic**

**Attachment B – "Answers to Interrogatories of Plaintiff"**

**Attachment C – "Plaintiffs' Initial Disclosures"**

# Attachment A – Excerpts from email traffic

**From:** fredonealatlaw@aol.com
**To:** lriemer@riemermediation.com
**Cc:** tim@masteryachtsales.com; Guetzloe@aol.com
**Subject:** mediation on Monday
**Date:** Wed, Sep 15, 2010 9:14 am
**Attachments:** Notice_9_13_10_Tea_Party.pdf (14K)

Laurie:

Unless I hear from you to the contrary by the end of the day, I am going to assume that the mediation is canceled for Monday.

As to re-scheduling, though I never heard back from Mr. McClellan, I did receive a notice from Plaintiffs' former counsel stating that Judge Marra's office and the clerk's office said he must file the Plaintiffs' addresses with the court by the 20th. (see attached)

We can then contact them directly regarding setting a new mediation date.

My apologies for the confusion.

Fred O'Neal

**From:** Laurie Riemer <lriemer@riemermediation.com>
**To:** fredonealatlaw@aol.com <fredonealatlaw@aol.com>
**Subject:** RE: mediation on Monday
**Date:** Wed, Sep 15, 2010 5:57 pm

Thank you. I have called and contacted Mr. Mc Clellan. I was advised today that the mediation has been cancelled. Thank you for keeping me informed about the status of the case. I look forward to working with you to resolve this case!

*Laurie L. Riemer*

Certified Mediator and Arbitrator
20143 NE 19th Place
North Miami Beach, FL 33179
305-932-2200
305-792-2061 (fax)
LRiemer@riemermediation.com

**From:** fredonealatlaw@aol.com [mailto:fredonealatlaw@aol.com]
**Sent:** Wednesday, September 15, 2010 9:15 AM
**To:** Laurie Riemer
**Cc:** tim@masteryachtsales.com; Guetzloe@aol.com
**Subject:** mediation on Monday

Laurie:

Unless I hear from you to the contrary by the end of the day, I am going to assume that the mediation is canceled for Monday.

As to re-scheduling, though I never heard back from Mr. McClellan, I did receive a notice from Plaintiffs' former counsel stating that Judge Marra's office and the clerk's office said he must file the Plaintiffs' addresses with the court by the 20th. (see attached)

We can then contact them directly regarding setting a new mediation date.

My apologies for the confusion.

Fred O'Neal

**From:** Tim McClellan <tim@masteryachtsales.com>
**To:** fredonealatlaw@aol.com; Guetzloe@aol.com; lriemer@riemermediation.com
**Subject:** Postponement of 9/20 Mediation - South Florida Tea Party, Inc. v. Tea Party, Case No. 10-80062, Southern District of Florida
**Date:** Fri, Sep 17, 2010 11:53 pm

To all Plaintiffs, Defendants and Laurie Riemer regarding the previously scheduled September 20th 2010 Mediation noted in the subject line of this email.

This afternoon I heard back from the Federal Court and was informed that we have until the end of business on October 6th to complete the Mediation before the Court has any concerns.  We have a new lawyer and are not gathering the necessary funding so he can start work. The bottom line is the Mediation for the 20th is postponed until we either have a paid lawyer before October 6th, or I will represent the Plaintiffs Pro se.

My apologies for not being able to notify everyone sooner, but I received the information on the way to the airport today to fly to Michigan and this was the first opportunity I had to notify everyone.

To the Plaintiff's, I will be emailing you additional information tomorrow to bring everyone up to speed. Be assured though that there will not be a $500 fee per person and no one will not be in contempt of court for postponing the Mediation..

Take care,

## Tim McClellan
**Political Strategist (R)**



**PoliticalStrategist, Inc.**
  PoliticalStrategist.org
2637 E Atlantic Blvd, Ste 128
Pompano Beach, FL 33062
Cell 954-234-7115 Fax 954-206-0893
  Tim@PoliticalStrategist.org

**Florida Tea Party and South Florida Tea Party**
  "Media Relations Director & Consultant"
      www.SouthFloridaTeaParty.org
**Facebook:** Broward County Chapter of South Florida Tea Party

    **Universal Conservative Calendar:**
http://calendar.yahoo.com/fltricountycalendar

**Admin /Writer for Gold Coast Chronicle**
   www.GoldCoastChronicle.com

**BrowardGOP (BREC) Committeeman**
   www.BrowardGOP.com
   (Former Chairman of Three Committees)
   (Former NE Broward Regional Manager - Presidential Campaign)

**Facebook:** Political800lbGorilla
**Facebook:** Tim McClellan - Political Strategist (R) Fan Page
**Facebook:** Tim McClellan - Political Strategist (R)
**Facebook:** Tim McClellan
**Twitter:** TimMcClellan

**I predict future happiness for Americans if they can prevent the government from wasting the labors of the people under the pretense of taking care of them.**  Thomas Jefferson

*Confidentiality Notice: This e-mail (including attachments and/or hyperlinks) is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521, and other state laws and is confidential and may be legally privileged. If you are NOT the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. Please reply to the sender that you have received the message in error, then permanently delete it. Thank you.*

addresses for pro se plaintiffs
Case 9:10-cv-80062-KAM   Document 65   Entered on FLSD Docket 09/30/2010   Page 42 of 40
Page 1 of 1

**From:** fredonealatlaw@aol.com
**To:** lriemer@riemermediation.com
**Cc:** Guetzloe@aol.com; tim@masteryachtsales.com; gsardina@qpwblaw.com
**Subject:** addresses for pro se plaintiffs
**Date:** Mon, Sep 20, 2010 5:20 pm

Laurie:

Just when you thought things couldn't get worse ...

The notice attorney Gus Sardina filed (Doc. 63) acknowledged that both the court and the clerk's office notified the plaintiffs' former law firm they had 5 business days after the order of withdrawal was granted to file the addresses of the now pro se parties.

Needless to say, no addresses have been filed.

Also needless to say, it is impossible to coordinate a new mediation date with parties we have no way of contacting- such as all the plaintiffs but Mr. McMillan.

Mr. McMillan's comment in his earlier email that he intends to represent the plaintiffs at the mediation is, as you well know, just not permissible.  All the plaintiffs need to attend.

The bottom line is that, unfortunately, we are no closer this week than last week to coordinating a mediation date.

If you have contact with the court, I would ask that you ask the court to issue plaintiffs' former law firm an order to show cause why they should not be held in contempt for failing to timely file the addresses of the now pro se plaintiffs.  Put simply, this case cannot move forward until they do.

If you don't feel comfortable asking the court to issue such an order, please let me know and I'll file a motion.

Fred O'Neal

**From:** Laurie Riemer <lriemer@riemermediation.com>
**To:** Guetzloe@aol.com <Guetzloe@aol.com>; tim@masteryachtsales.com <tim@masteryachtsales.com>; fredonealatlaw@aol.com <fredonealatlaw@aol.com>; Everett Wilkinson <everett@southfloridateaparty.org>; Timothy Lucero <attorneytimothylucero@yahoo.com>
**Subject:** RE: Postponement of 9/20 Mediation - South Florida Tea Party, Inc. v. Tea Par...
**Date:** Tue, Sep 21, 2010 8:55 pm

Pursuant to your emails, I am rescheduling the mediation for October 5th, 2010. Each side will owe their mediation minimum fee no later than 9/28.

The court order dated September 7th, sets forth that:

**"The two individual Plaintiffs, Everett Wilkinson and Tim McClellan, shall file a notice with the Court informing it whether they will be representing themselves or whether they will be represented by counsel. The corporate and unincorporated association plaintiffs must obtain substitute counsel on or before October 1, 2010."**

**Please inform me when the corporate and unincorporated association obtains new counsel.**

**In response to Tim's question what is the cancellation fee, assuming that the plaintiffs are all in one caucus and the defendants are all in one caucus, then each side will owe $700. However, Tim if you and the other Plaintiffs cancel on September 28th or later, and the defendants are prepared to go forward with the mediation, then the Plaintiffs would be responsible for the entire cancellation fee of $1400. I am turning away other cases and reserving this time for you and have secured another location.**

**The Notice should go out tomorrow.**

**Thank you,**

*Laurie L. Riemer*

**Certified Mediator and Arbitrator**
**20143 NE 19th Place**
**North Miami Beach, FL 33179**
**305-932-2200**
**305-792-2061 (fax)**
L.Riemer@riemermediation.com

**From:** Laurie Riemer <lriemer@riemermediation.com>

**To:** Guetzloe@aol.com <Guetzloe@aol.com>; tim@masteryachtsales.com <tim@masteryachtsales.com>; fredonealatlaw@aol.com <fredonealatlaw@aol.com>; Everett Wilkinson <everett@southfloridateaparty.org>; Timothy Lucero <attorneytimothylucero@yahoo.com>

**Subject:** (no subject)

**Date:** Tue, Sep 21, 2010 8:57 pm

Please send me the mailing addresses of all the Plaintiffs. Thank you

*Laurie L. Riemer*

Certified Mediator and Arbitrator
20143 NE 19th Place
North Miami Beach, FL 33179
305-932-2200
305-792-2061 (fax)
LRiemer@riemermediation.com

**From:** Laurie Riemer <lriemer@riemermediation.com>
**To:** Tim McClellan <tim@masteryachtsales.com>; Timothy Lucero <attorneytimothylucero@yahoo.com>; Everett
Wilkinson <everett@southfloridateaparty.org>; fredonealatlaw@aol.com <fredonealatlaw@aol.com>;
Guetzloe@aol.com <Guetzloe@aol.com>
**Subject:** RE: South Florida Tea party
**Date:** Wed, Sep 22, 2010 9:56 am

It is my understanding that Tim Lucerno will be representing the Plaintiffs. If he is, we need confirmation as to whether he can attend a mediation on October 5th. If not, what dates work? A document has to be filed with the Court no later than October 1st informing the court of the status of Plaintiffs representation. The name and addresses of all plaintiffs should be submitted as soon as possible. Please get back to me today with the information.

Thank you.

*Laurie L. Riemer*

Certified Mediator and Arbitrator
20143 NE 19th Place
North Miami Beach, FL 33179
305-932-2200
305-792-2061 (fax)
LRiemer@riemermediation.com

**From:** Tim McClellan [mailto:tim@masteryachtsales.com]
**Sent:** Tuesday, September 21, 2010 10:23 PM
**To:** Laurie Riemer
**Subject:** RE: everyone's contact information...

Laurie,

What is the drop dead that you must have everyone's contact information? I sent an email to everyone tonight, but there seems to be about six names missing. As you can see our last lawyers did not do us any favors, nor did they keep us informed. Thanks again.

Take care,

# Tim McClellan
**Political Strategist (R)**



**PoliticalStrategist, Inc.**
PoliticalStrategist.org
2637 E Atlantic Blvd, Ste 128

**From:** Laurie Riemer <lriemer@riemermediation.com>
**To:** tim@masteryachtsales.com <tim@masteryachtsales.com>; Everett Wilkinson <everett@southfloridateaparty.org>; fredonealatlaw@aol.com <fredonealatlaw@aol.com>; gsardina@qpwblaw.com <gsardina@qpwblaw.com>; Timothy Lucero <attorneytimothylucero@yahoo.com>; Guetzloe@aol.com <Guetzloe@aol.com>
**Subject:** South Florida Tea Party, Inc. v. Tea Party, Case No. 10-80062, Southern District of Florida
**Date:** Tue, Sep 28, 2010 12:12 pm

Gentlemen:

Please advise me of the status of scheduling this case for mediation. I have not received the information that I have previously requested. Please let me how I can be of assistance.

Thank you,

*Laurie L. Riemer*

Certified Mediator and Arbitrator
20143 NE 19th Place
North Miami Beach, FL 33179
305-932-2200
305-792-2061 (fax)
LRiemer@riemermediation.com

**From:** Guetzloe <guetzloe@aol.com>
**To:** FredOnealatlaw@aol.com
**Subject:** Fwd: South Florida Tea Party, Inc. v. Tea Party, Case No. 10-80062, Southern District of Florida
**Date:** Tue, Sep 28, 2010 12:20 pm

-----Original Message-----
From: Laurie Riemer <lriemer@riemermediation.com>
To: Guetzloe <guetzloe@aol.com>
Sent: Tue, Sep 28, 2010 12:19 pm
Subject: RE: South Florida Tea Party, Inc. v. Tea Party, Case No. 10-80062, Southern District of Florida

I have not received the requested information, so I have been unable to schedule the mediation.

*Laurie L. Riemer*

Certified Mediator and Arbitrator
20143 NE 19th Place
North Miami Beach, FL 33179
305-932-2200
305-792-2061 (fax)
LRiemer@riemermediation.com

**From:** Guetzloe [mailto:guetzloe@aol.com]
**Sent:** Tuesday, September 28, 2010 12:17 PM
**To:** Laurie Riemer
**Subject:** Re: South Florida Tea Party, Inc. v. Tea Party, Case No. 10-80062, Southern District of Florida

Dear Laurie:
I'm ready for the mediation next week.
What is the exact amount you want from each individual plaintiff/defendant?
The court order indicates a four-hour minimum at $125 per hour = $500 per plaintiff/defendant.
That would indicate that myself and Mr. O'Neal should pay $500 in advance.
Also, it indicates that all 34 plaintiffs would provide $500 in advance per plaintiff.
Please let me know if this is correct.
It conforms to the order of the court.
Also, have you received the complete list of plaintiffs contact information?
We have not, inspite of the court order.
Please advise.
Thanks,
Doug

-----Original Message-----
From: Laurie Riemer <lriemer@riemermediation.com>
To: tim@masteryachtsales.com <tim@masteryachtsales.com>; Everett Wilkinson
<everett@southfloridateaparty.org>; fredonealatlaw@aol.com <fredonealatlaw@aol.com>;
gsardina@qpwblaw.com <gsardina@qpwblaw.com>; Timothy Lucero <attorneytimothylucero@yahoo.com>;
Guetzloe@aol.com <Guetzloe@aol.com>
Sent: Tue, Sep 28, 2010 12:11 pm
Subject: South Florida Tea Party, Inc. v. Tea Party, Case No. 10-80062, Southern District of Florida

Gentlemen:

**From:** Laurie Riemer <lriemer@riemermediation.com>
**To:** tim@masteryachtsales.com <tim@masteryachtsales.com>; Everett Wilkinson <everett@southfloridateaparty.org>; fredonealatlaw@aol.com <fredonealatlaw@aol.com>; gsardina@qpwblaw.com <gsardina@qpwblaw.com>; Timothy Lucero <attorneytimothylucero@yahoo.com>; Guetzloe@aol.com <Guetzloe@aol.com>
**Subject:** (no subject)
**Date:** Tue, Sep 28, 2010 12:38 pm

Gentlemen:

I have not received the requested information from the Plaintiffs to schedule the mediation. I am unclear whether or not Tim Lucero, Esq is representing all the Plaintiffs. If not, I have not received the contact information for all the Plaintiffs. Once this information is received, I can schedule the case. Please feel free to advise the court .

*Laurie L. Riemer*

Certified Mediator and Arbitrator
20143 NE 19th Place
North Miami Beach, FL 33179
305-932-2200
305-792-2061 (fax)
LRiemer@riemermediation.com

# Attachment B – "Answers to Interrogatories of Plaintiff"

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA

SOUTH FLORIDA TEA PARTY, INC.,
A Florida non-profit corporation, et al.,

        Plaintiffs,

v.                           CASE NO.:  10-80062-CV-MARRA/JOHNSON

TEA PARTY, et al.

        Defendants.

_____/

## ANSWERS TO INTERROGATORIES OF PLAINTIFF

      Plaintiff, Jackson Tea Party ("Plaintiff"), with the assistance of counsel as to objections, hereby responds to Defendants' Interrogatories as follows:

      1.     Please state the name and address of each person or entity who has compensated Plaintiffs' attorneys herein for services rendered or costs incurred in connection with their efforts in this litigation.

      OBJECTION:

      Plaintiff objects to this request as it is irrelevant, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information.

      2.     Please state the amounts each of those persons or entities compensated Plaintiffs' attorneys herein for such services and costs.

      OBJECTION:

      Plaintiff objects to this request as it is irrelevant, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information.

      3.     Please state the name and address of each person or entity who has compensated any of the Plaintiffs herein to commence or continue the instant litigation.

      OBJECTION:

      Plaintiff objects to this request as it is irrelevant, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information.

1

4.      Please state the amounts each of those persons or entities so compensated any of the Plaintiffs herein.

OBJECTION:

Plaintiff objects to this request as it is irrelevant, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information.

5.      Please state the name and address or each person or entity who has compensated Michael Caputo or his public relations firm for services rendered in connection with this lawsuit.

OBJECTION:

Plaintiff objects to this request as it is irrelevant, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information.

6.      Please state the amounts each of those persons or entities so compensated Michael Caputo or his public relations firm.

OBJECTION:

Plaintiff objects to this request as it is irrelevant, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information.

7.      Please state the name and address of each person or entity who has compensated any of the Plaintiffs herein for services provided by Michael Caputo or his public relations firm in connection with this litigation.

OBJECTION:

Plaintiff objects to this request as it is irrelevant, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information.

8.      Please state the amounts each of those persons or entities so compensated the any of the Plaintiffs.

OBJECTION:

Plaintiff objects to this request as it is irrelevant, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information.

9.      Please state the home address and telephone number of each individual Plaintiff herein.

OBJECTION:

Plaintiff objects to this request as it is vague, over-broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

10.    Please state the name, home address, and telephone number of each member of each "group of concerned citizens" comprising the unincorporated Plaintiff-entities as referred to in paragraphs 10, 11, 12, 14, 16, 19, 22, 24, 27, 30, 33, and 38 of Plaintiffs' Amended Complaint.

OBJECTION:

Plaintiff objects to this request as it is vague, over-broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.


11.    Please state the name, address, and telephone number of the person(s) who authorized the Plaintiffs' attorney herein to appear on behalf of each unincorporated Plaintiff-entity referred to in paragraphs 10, 11, 12, 14, 16, 19, 22, 24, 27, 30, 33, and 38 of Plaintiffs' Amended Complaint.

OBJECTION:

Plaintiff objects to this request as it is vague, over-broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

12.    Please state the name and home address of the person who provided Plaintiffs' attorneys herein with the doctored version of Defendant O'Neal's email to Barry Willoughby, dated January 10, 2010, as used in Plaintiffs' Amended Complaint.

OBJECTION:

Plaintiff objects as this request is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and assumes facts which have not been proven.  Plaintiff specifically objects to the characterization that any email has been "doctored."

13.    Please state the name, business address, and telephone number of each member of the press who was provided a packet of materials by Michael Caputo after November 1, 2009 concerning any of the Defendants herein.

OBJECTION:

Plaintiff objects to this request as it is vague, over-broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

14.    Please state the last known home address and telephone number of former Plaintiff, Blanca Perales-Smith.

3

OBJECTION:

Plaintiff objects to this request as it is vague, over-broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

15.     Please state the last known home address and telephone number of former Plaintiff, John Stahl.

OBJECTION:

Plaintiff objects to this request as it is vague, over-broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

16.     Please state the name, business address, and telephone number of each person or entity who has paid money to Plaintiffs Everett Wilkinson and Tim McClellan since November 1, 2009.

OBJECTION:

Plaintiff objects to this request as it is vague, over-broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

17. Please state the amounts each such entity or person paid.

OBJECTION:

Plaintiff objects to this request as it is vague, over-broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

18.     Please state the reasons, if any, why Plaintiffs' attorney, Frank Herrera, chose not to contact the Defendants herein prior to filing the instant lawsuit.

OBJECTION:

Plaintiff objects to this request as it is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information which is or may be protected by the attorney/client privilege.

19.     Please state Plaintiff Wilkinson's recollection of the conversation he had with Robin Stublen prior to filing the Amended Complaint herein regarding Defendants' position on the use of the phrase "Tea Party" in an organizational name.

OBJECTION:

Plaintiff objects to this request as it is vague, over-broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

4

20.   Please state each Republican Party organization, committee, and campaign Plaintiffs Wilkinson and McClellan and their public relations representative, Michael Caputo, have been involved with.

OBJECTION:

Plaintiff objects to this request as it is vague, over-broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

21.   Please state the parties, case number, and court for each lawsuit Michael Caputo has provided assistance or advice as to the commencement or continuation of that lawsuit.

OBJECTION:

Plaintiff objects to this request as it is vague, over-broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

Dated: July 12, 2010

Respectfully submitted,

By:   s/FRANK HERRERA
Frank Herrera
Florida Bar No. 494801
Gustavo Sardiña
Florida Bar No. 31162
QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
9300 South Dadeland Boulevard, 4th Floor
Miami, Florida 33156
Tel: (305) 670-1101
Fax: (305) 670-1161

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy hereof is being served on the Defendants, namely:

The Tea Party and
Frederic B. O'Neal, Esq.
P.O. Box 842
Windermere, Florida 34786

Nicholas Egoroff
5402 Andover Drive
Orlando, Florida 32812

Douglas Guetzloe
P.O. Box 531101
Orlando, Florida 32853

via U.S. Mail this 12th day of July, 2010.

By:  s/GUSTAVO SARDIÑA
Gustavo Sardiña

6

# Attachment C – "Plaintiffs' Initial Disclosures"

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA

SOUTH FLORIDA TEA PARTY, INC.,
A Florida non-profit corporation, et al.,

       Plaintiffs,

v.                          CASE NO.:  10-80062-CV-MARRA/JOHNSON

TEA PARTY, et al.

       Defendants.

_____/

## PLAINTIFFS' INITIAL DISCLOSURES

       Pursuant to Federal Rules of Civil Procedure 26(a)(1), Plaintiffs hereby make their Initial Disclosures as follows:

       The documents and information disclosed represent what might be used by Plaintiffs to support their claims and defenses.  Such disclosures are being made based on the information and documents reasonably available to them at this time.

   1.   **Witnesses.**

       Below, Plaintiffs lists the name and, if known, the address and telephone number of each individual likely to have discoverable information that Plaintiffs may use to support their claims or defenses, unless solely for impeachment.

SOUTH FLORIDA TEA PARTY, INC.,
Address and Telephone No.:
This witness may be contacted through undersigned counsel

       A representative of South Florida Tea Party, Inc. is believed to have knowledge concerning the Defendants' attempts to misappropriate and improperly monopolize use of the phrase "Tea Party" and similar terms.  This witness is also believed to have knowledge concerning the Defendants'

threats and legal demands. This witness may also have other information generally related to the claims and defenses asserted by the parties to this litigation.

EVERETT WILKINSON,
Address and Telephone No.:
This witness may be contacted through undersigned counsel

    Mr. Wilkinson is believed to have knowledge concerning the Defendants' attempts to misappropriate and improperly monopolize use of the phrase "Tea Party" and similar terms. This witness is also believed to have knowledge concerning the Defendants' threats and legal demands. This witness may also have other information generally related to the claims and defenses asserted by the parties to this litigation.

FLORIDA TEA PARTY, LLC
Address and Telephone No.:
This witness may be contacted through undersigned counsel

    A representative of Florida Tea Party, LLC is believed to have knowledge concerning the Defendants' attempts to misappropriate and improperly monopolize use of the phrase "Tea Party" and similar terms. This witness is also believed to have knowledge concerning the Defendants' threats and legal demands. This witness may also have other information generally related to the claims and defenses asserted by the parties to this litigation.

JUST PATRIOTS, INC., d/b/a UNITED AMERICAN TEA PARTY,
Address and Telephone No.:
This witness may be contacted through undersigned counsel

    A representative of Just Patriots, Inc. is believed to have knowledge concerning the Defendants' attempts to misappropriate and improperly monopolize use of the phrase "Tea Party" and similar terms. This witness is also believed to have knowledge concerning the Defendants' threats and legal demands. This witness may also have other information generally related to the claims and defenses asserted by the parties to this litigation.

TIM MCCLELLAN,
Address and Telephone No.:
This witness may be contacted through undersigned counsel

    Mr. McClellan is believed to have knowledge concerning the Defendants' attempts to misappropriate and improperly monopolize use of the phrase "Tea Party" and similar terms. This witness is also believed to have knowledge concerning the Defendants' threats and legal demands. This witness may also have other information generally related to the claims and defenses asserted by the parties to this litigation.

MARTIN 9/12 TEA PARTY COMMITTEE,
Address and Telephone No.:
This witness may be contacted through undersigned counsel

A representative of the Martin 9/12 Tea Party Committee is believed to have knowledge concerning the Defendants' attempts to misappropriate and improperly monopolize use of the phrase "Tea Party" and similar terms. This witness is also believed to have knowledge concerning the Defendants' threats and legal demands. This witness may also have other information generally related to the claims and defenses asserted by the parties to this litigation.

NAPLES TEA PARTY,
Address and Telephone No.:
This witness may be contacted through undersigned counsel

A representative of the Naples Tea Party is believed to have knowledge concerning the Defendants' attempts to misappropriate and improperly monopolize use of the phrase "Tea Party" and similar terms. This witness is also believed to have knowledge concerning the Defendants' threats and legal demands. This witness may also have other information generally related to the claims and defenses asserted by the parties to this litigation.

COLUMBIA SOUTH CAROLINA TEA PARTY,
Address and Telephone No.:
This witness may be contacted through undersigned counsel

A representative of the Columbia South Carolina Tea Party is believed to have knowledge concerning the Defendants' attempts to misappropriate and improperly monopolize use of the phrase "Tea Party" and similar terms. This witness is also believed to have knowledge concerning the Defendants' threats and legal demands. This witness may also have other information generally related to the claims and defenses asserted by the parties to this litigation.

DEBBIE GUNNOE,
Address and Telephone No.:
This witness may be contacted through undersigned counsel

Ms. Gunnoe is believed to have knowledge concerning the Defendants' attempts to misappropriate and improperly monopolize use of the phrase "Tea Party" and similar terms. This witness is also believed to have knowledge concerning the Defendants' threats and legal demands. This witness may also have other information generally related to the claims and defenses asserted by the parties to this litigation.

NAVARRE PATRIOTS
Address and Telephone No.:
This witness may be contacted through undersigned counsel

A representative of the Navarre Patriots is believed to have knowledge concerning the Defendants' attempts to misappropriate and improperly monopolize use of the phrase "Tea Party" and similar terms. This witness is also believed to have knowledge concerning the Defendants' threats and legal demands. This witness may also have other information generally related to the claims and defenses asserted by the parties to this litigation.

CARL IKEN,
Address and Telephone No.:
This witness may be contacted through undersigned counsel

Mr. Iken is believed to have knowledge concerning the Defendants' attempts to misappropriate and improperly monopolize use of the phrase "Tea Party" and similar terms. This witness is also believed to have knowledge concerning the Defendants' threats and legal demands. This witness may also have other information generally related to the claims and defenses asserted by the parties to this litigation.

TREASURE COAST TEA PARTY,
Address and Telephone No.:
This witness may be contacted through undersigned counsel

A representative of the Treasure Coast Tea Party is believed to have knowledge concerning the Defendants' attempts to misappropriate and improperly monopolize use of the phrase "Tea Party" and similar terms. This witness is also believed to have knowledge concerning the Defendants' threats and legal demands. This witness may also have other information generally related to the claims and defenses asserted by the parties to this litigation.

JOHN STAHL,
Address and Telephone No.:
This witness may be contacted through undersigned counsel

Mr. Stahl is believed to have knowledge concerning the Defendants' attempts to misappropriate and improperly monopolize use of the phrase "Tea Party" and similar terms. This witness is also believed to have knowledge concerning the Defendants' threats and legal demands. This witness may also have other information generally related to the claims and defenses asserted by the parties to this litigation.

MAUREEN HOURIGAN,
Address and Telephone No.:
This witness may be contacted through undersigned counsel

Ms. Hourigan is believed to have knowledge concerning the Defendants' attempts to misappropriate and improperly monopolize use of the "Tea Party" and similar terms. This witness is

also believed to have knowledge concerning the Defendants' threats and legal demands. This witness may also have other information generally related to the claims and defenses asserted by the parties to this litigation.

JACKSON TEA PARTY,
Address and Telephone No.:
This witness may be contacted through undersigned counsel

A representative of the Jackson Tea Party is believed to have knowledge concerning the Defendants' attempts to misappropriate and improperly monopolize use of the phrase "Tea Party" and similar terms. This witness is also believed to have knowledge concerning the Defendants' threats and legal demands. This witness may also have other information generally related to the claims and defenses asserted by the parties to this litigation.

GERRI IRVINE,
Address and Telephone No.:
This witness may be contacted through undersigned counsel

Mr. Irvine is believed to have knowledge concerning the Defendants' attempts to misappropriate and improperly monopolize use of the phrase "Tea Party" and similar terms. This witness is also believed to have knowledge concerning the Defendants' threats and legal demands. This witness may also have other information generally related to the claims and defenses asserted by the parties to this litigation.

TOBY MARIE WALKER,
Address and Telephone No.:
This witness may be contacted through undersigned counsel

Ms. Walker is believed to have knowledge concerning the Defendants' attempts to misappropriate and improperly monopolize use of the phrase "Tea Party" and similar terms. This witness is also believed to have knowledge concerning the Defendants' threats and legal demands. This witness may also have other information generally related to the claims and defenses asserted by the parties to this litigation.

WACO TEA PARTY,
Address and Telephone No.:
This witness may be contacted through undersigned counsel

A representative of the Waco Tea Party is believed to have knowledge concerning the Defendants' attempts to misappropriate and improperly monopolize use of the phrase "Tea Party" and similar terms. This witness is also believed to have knowledge concerning the Defendants' threats and legal demands. This witness may also have other information generally related to the claims and defenses asserted by the parties to this litigation.

DAVID VON GUTEN,
Address and Telephone No.:
This witness may be contacted through undersigned counsel

Mr. Von Guten is believed to have knowledge concerning the Defendants' attempts to misappropriate and improperly monopolize use of the phrase "Tea Party" and similar terms. This witness is also believed to have knowledge concerning the Defendants' threats and legal demands. This witness may also have other information generally related to the claims and defenses asserted by the parties to this litigation.

NORTH LAKE TEA PARTY,
Address and Telephone No.:
This witness may be contacted through undersigned counsel

A representative of the North Lake Tea Party is believed to have knowledge concerning the Defendants' attempts to misappropriate and improperly monopolize use of the phrase "Tea Party" and similar terms. This witness is also believed to have knowledge concerning the Defendants' threats and legal demands. This witness may also have other information generally related to the claims and defenses asserted by the parties to this litigation.

SUZANNE S. SOLOMON,
Address and Telephone No.:
This witness may be contacted through undersigned counsel

Ms. Solomon is believed to have knowledge concerning the Defendants' attempts to misappropriate and improperly monopolize use of the phrase "Tea Party" and similar terms. This witness is also believed to have knowledge concerning the Defendants' threats and legal demands. This witness may also have other information generally related to the claims and defenses asserted by the parties to this litigation.

DON FORWARD,
Address and Telephone No.:
This witness may be contacted through undersigned counsel

Mr. Forward is believed to have knowledge concerning the Defendants' attempts to misappropriate and improperly monopolize use of the phrase "Tea Party" and similar terms. This witness is also believed to have knowledge concerning the Defendants' threats and legal demands. This witness may also have other information generally related to the claims and defenses asserted by the parties to this litigation.

TITUSVILLE PATRIOTS,
Address and Telephone No.:
This witness may be contacted through undersigned counsel

A representative of the Titusville Patriots is believed to have knowledge concerning the Defendants' attempts to misappropriate and improperly monopolize use of the phrase "Tea Party" and similar terms. This witness is also believed to have knowledge concerning the Defendants' threats and legal demands. This witness may also have other information generally related to the claims and defenses asserted by the parties to this litigation.

BLANCA PERALES-SMITH,
Address and Telephone No.:
This witness may be contacted through undersigned counsel

Ms. Perales-Smith is believed to have knowledge concerning the Defendants' attempts to misappropriate and improperly monopolize use of the phrase "Tea Party" and similar terms. This witness is also believed to have knowledge concerning the Defendants' threats and legal demands. This witness may also have other information generally related to the claims and defenses asserted by the parties to this litigation.

LEON HOWARD,
Address and Telephone No.:
This witness may be contacted through undersigned counsel

Mr. Howard is believed to have knowledge concerning the Defendants' attempts to misappropriate and improperly monopolize use of the phrase "Tea Party" and similar terms. This witness is also believed to have knowledge concerning the Defendants' threats and legal demands. This witness may also have other information generally related to the claims and defenses asserted by the parties to this litigation.

TRI-CITIES TEA PARTY,
Address and Telephone No.:
This witness may be contacted through undersigned counsel

A representative of the Tri-Cities Tea Party is believed to have knowledge concerning the Defendants' attempts to misappropriate and improperly monopolize use of the phrase "Tea Party" and similar terms. This witness is also believed to have knowledge concerning the Defendants' threats and legal demands. This witness may also have other information generally related to the claims and defenses asserted by the parties to this litigation.

RON S. KOLSKY,
Address and Telephone No.:
This witness may be contacted through undersigned counsel

Mr. Kolsky is believed to have knowledge concerning the Defendants' attempts to misappropriate and improperly monopolize use of the phrase "Tea Party" and similar terms. This witness is also believed to have knowledge concerning the Defendants' threats and legal demands. This witness may also have other information generally related to the claims and defenses asserted by the parties to this litigation.

MARY BETH ERDMANN,
Address and Telephone No.:
This witness may be contacted through undersigned counsel

Ms. Erdmann is believed to have knowledge concerning the Defendants' attempts to misappropriate and improperly monopolize use of the phrase "Tea Party" and similar terms. This witness is also believed to have knowledge concerning the Defendants' threats and legal demands. This witness may also have other information generally related to the claims and defenses asserted by the parties to this litigation.

PORT HURON TEA PARTY,
Address and Telephone No.:
This witness may be contacted through undersigned counsel

A representative of the Port Huron Tea Party is believed to have knowledge concerning the Defendants' attempts to misappropriate and improperly monopolize use of the phrase "Tea Party" and similar terms. This witness is also believed to have knowledge concerning the Defendants' threats and legal demands. This witness may also have other information generally related to the claims and defenses asserted by the parties to this litigation.

WILLIE LAWSON,
Address and Telephone No.:
This witness may be contacted through undersigned counsel

Mr. Lawson is believed to have knowledge concerning the Defendants' attempts to misappropriate and improperly monopolize use of the phrase "Tea Party" and similar terms. This witness is also believed to have knowledge concerning the Defendants' threats and legal demands. This witness may also have other information generally related to the claims and defenses asserted by the parties to this litigation.

EUGENE LACROSSE,
Address and Telephone No.:
This witness may be contacted through undersigned counsel

Mr. Lacrosse is believed to have knowledge concerning the Defendants' attempts to misappropriate and improperly monopolize use of the phrase "Tea Party" and similar terms. This

witness is also believed to have knowledge concerning the Defendants' threats and legal demands. This witness may also have other information generally related to the claims and defenses asserted by the parties to this litigation.

MARCEL G. VARRANDO III,
Address and Telephone No.:
This witness may be contacted through undersigned counsel

      Mr. Varrando is believed to have knowledge concerning the Defendants' attempts to misappropriate and improperly monopolize use of the phrase "Tea Party" and similar terms. This witness is also believed to have knowledge concerning the Defendants' threats and legal demands. This witness may also have other information generally related to the claims and defenses asserted by the parties to this litigation.

MARY CLARK,
Address and Telephone No.:
This witness may be contacted through undersigned counsel

      Ms. Clark is believed to have knowledge concerning the Defendants' attempts to misappropriate and improperly monopolize use of the phrase "Tea Party" and similar terms. This witness is also believed to have knowledge concerning the Defendants' threats and legal demands. This witness may also have other information generally related to the claims and defenses asserted by the parties to this litigation.

TEA PARTY SOLUTIONS, INC.,
Address and Telephone No.:
This witness may be contacted through undersigned counsel

      A representative of Tea Party Solutions, Inc. is believed to have knowledge concerning the Defendants' attempts to misappropriate and improperly monopolize use of the phrase "Tea Party" and similar terms. This witness is also believed to have knowledge concerning the Defendants' threats and legal demands. This witness may also have other information generally related to the claims and defenses asserted by the parties to this litigation.

FREDERIC B. O'NEAL
Address and Telephone No.:
P O Box 842
Windermere, FL 34786
(407) 719-6796

      Mr. O'Neal is believed to have knowledge concerning the Defendants' attempts to misappropriate and improperly monopolize use of the phrase "Tea Party" and similar terms. This witness is also believed to have knowledge concerning the Defendants' threats and legal demands.

This witness may also have other information generally related to the claims and defenses asserted by the parties to this litigation, including but not limited to the relationship between the Defendants.

Douglas Guetzloe
Address and Telephone No.
Post Office Box 531101
Orlando, FL 32853
(407) 312-1781

Mr. Guetzloe is believed to have knowledge concerning the Defendants' attempts to misappropriate and improperly monopolize use of the phrase "Tea Party" and similar terms. This witness is also believed to have knowledge concerning the Defendants' threats and legal demands. This witness may also have other information generally related to the claims and defenses asserted by the parties to this litigation, including but not limited to the relationship between the Defendants.

Nicholas Egoroff
Address and Telephone No.:
5402 Andover Drive
Orlando, FL 32812
(321) 228-9761

Mr. Egoroff is believed to have knowledge concerning the Defendants' attempts to misappropriate and improperly monopolize use of the phrase "Tea Party" and similar terms. This witness is also believed to have knowledge concerning the Defendants' threats and legal demands. This witness may also have other information generally related to the claims and defenses asserted by the parties to this litigation, including but not limited to the relationship between the Defendants.

**Plaintiffs may also call:**

- Any and all witnesses identified by the Defendants in discovery, whether in their initial disclosures, in response to written discovery requests, identified during deposition, or otherwise identified throughout the course of this action.

- Plaintiffs' investigation and discovery concerning this case is continuing and, if additional information is obtained after the date of these disclosures, Plaintiffs will supplement these disclosures according to Rule 26(e) of the Federal rules of Civil Procedure.

2.  **Documents, Data Compilations, and Tangible Things.**

The foregoing is a list, by categories, of documents and tangible things that are in Plaintiffs' possession and which Plaintiffs may use to support their claims and defenses in this case.  These

-10-

documents are available for inspection at the offices of Plaintiffs' undersigned conusel:

1. Correspondence received from the Defendants pertaining to Plaintiffs use of the phrase "Tea Party" or of similar phrases.

2. Print outs of Internet pages showing use of the phrase "Tea Party" and similar phrases.

Plaintiffs' investigation and discovery concerning this case is continuing and, if additional information is obtained after the date of these disclosures, Plaintiffs will supplement these disclosures according to Rule 26(e) of the Federal Rules of Civil Procedure.

3.    **Computation of Damages.**

The Amended Complaint does not include a claim for damages. However, Plaintiffs investigation of this action is continuing and Plaintiffs reserve the right to seek actual damages.

4.    **Insurance Agreement.**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs discloses that they do not have any insurance policy or other agreement with any insurance carrier who may satisfy or indemnify any party as to any future judgment. In so much as no counterclaim has been asserted, it is highly unlikely that Plaintiffs' insurance would be at issue.

Dated: April 19, 2010

<div style="margin-left:40%;">

Respectfully submitted,

By:  _s/FRANK HERRERA
Frank Herrera
Florida Bar No. 494801
Gustavo Sardiña
Florida Bar No. 31162
QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
9300 South Dadeland Boulevard, 4th Floor
Miami, Florida 33156
Tel: (305) 670-1101
Fax: (305) 670-1161

</div>

-11-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy hereof is being filed via the Court's CM/ECF online filing system, and that the same is being served on the Defendants, namely:

The Tea Party and
Frederic B. O'Neal, Esq.
P.O. Box 842
Windermere, Florida 34786

Nicholas Egoroff
5402 Andover Drive
Orlando, Florida 32812

Douglas Guetzloe
P.O. Box 531101
Orlando, Florida 32853

via U.S. Mail this 19th day of April, 2010.

By: _s/GUSTAVO SARDIÑA___
Gustavo Sardiña

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA

SOUTH FLORIDA TEA PARTY, INC.,
*et al.*,

        Plaintiff(s),

vs.                       CASE NO. 9:10-CV-80062-MARRA/JOHNSON
                                    (Judge Kenneth A. Marra)

TEA PARTY, *et al.*,

        Defendant(s).

_____/

### ORDER ON DEFENDANTS, TEA PARTY AND O'NEAL'S MOTION FOR SANCTIONS

        THIS CAUSE is before the Court upon Defendants, TEA PARTY and O'NEAL's Motion for Sanctions (Doc.  ).  After due consideration, it is hereby,

        ORDERED AND ADJUDGED that Defendants, TEA PARTY and O'NEAL's Motion for Sanctions shall be and is hereby [GRANTED] [DENIED].  Accordingly,

_____
_____
_____
_____
_____.

        DONE AND ORDERED in Chambers at West Palm Beach, Palm Beach County,

Florida this ____ day of _____, 2010.

                                _____
                                KENNETH A. MARRA
                                United States District Judge

1

Copies to:

Frank Herrera
Gustavo Sardina
Quintaros, Prieto, Wood & Boyer, P.A.
9300 South Dadeland Blvd.
Fourth Floor
Miami, FL 33156

Laurie Riemer
Certified Mediator and Arbitrator
20143 NE 19th Place
North Miami Beach, FL 33179

Plaintiff, Tim McClellan
Political Strategist, Inc.
2637 E. Atlantic Blvd., Ste. 128
Pompano Beach, FL 33062

Plaintiff, Everett Wilkinson
4045 Pinella Circle, Apt. 640
Palm Beach Gardens, FL 33410

Remaining Plaintiffs
(address unknown)

Frederic B. O'Neal
P.O. Box 842
Windermere, FL 34786

Douglas M. Guetzloe
1808 Antigua Drive
Orlando, FL 32806