IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA

SOUTH FLORIDA TEA PARTY, INC.,
A Florida non-profit corporation, *et al.*

   Plaintiffs,

v.                                      CASE NO. 10-80062-CV-MARRA/JOHNSON

TEA PARTY, *et al*,

   Defendants.
_____/

## Plaintiff's Response to Defendant Tea Party and Defendant O'Neal's Motion for Sanctions

     **COMES NOW,** Plaintiffs, by and through undersigned counsel of record, Timothy D. Lucero, J.D., and files their Response to *Defendant's Motion for Sanctions*, and shows to this Honorable Court as follows:

1. Defendant filed their motion for sanctions (Doc 65) on September 30, 2010, one (1) full day before the deadline of *"on or before October 1, 2010,"* as clearly outlined in this Court's Order (Doc 60) of 9/7/2010, thereby rendering Defendant's Motion moot on its very face. A careful reading of this Court's Order (included and cited to by Defendants in paragraph #2 in Defendants own motion for sanctions!) would have revealed to the reader/Defendants that the deadline was October 1, 2010 not September 30, 2010.

2. That undersigned counsel filed Notice of Appearance for Plaintiffs (Doc 64 & 66) prior to the Court's deadline as evidenced by the clerk's record as shown on PACER, again

rendering Defendant's motion moot on its very face in that Defendant did not presumably check PACER nor the Court's record prior to filing their untimely and premature motion.

3. That pursuant to Local Rule 7.1 (a)(3) of this Court, Defendants are REQUIRED to confer with all parties and affected non-parties PRIOR to filing any motion and Defendants did neither before filing their motion. If Defendants had done so, Defendants would have most likely seen the folly of filing their untimely motion that rendered their motion for sanctions (Doc 65) moot.

4. That moreover, Local Rule 7.1 of this Court requires in pertinent part, *"Counsel conferring with movant's counsel shall cooperate and act in good faith in attempting to resolve the dispute. At the end of the motion, and above the signature block, counsel for the moving party shall certify either: (A) that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so; or (B) that counsel for the movant has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion, which efforts shall be identified with specificity in the statement, but has been unable to do so. If certain of the issues have been resolved by agreement, the certification shall specify the issues so resolved and the issues remaining unresolved. Failure to comply the requirements of this Local Rule may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee."* Defendants motion for sanctions does not comply with Local Rule 7.1 and did not contain this certification nor did Defendants even attempt to

confer with the parties and non-parties at the case at bar nor certify same in their motion as required by this Court. Therefore, Plaintiffs Counsel is asking this Court to sanction Defendants, pursuant to Local Rule 7.1, in the reasonable attorney fee amount of $2,000.00 for Plaintiffs Counsel having to research, prepare, and file their (this) Response to Defendants ill-conceived and non-compliant Motion for Sanctions (Doc 65).

5. That there are valid and continuing objections tendered to responses to discovery by Plaintiff's former counsel to Defendants some time ago and as such Defendants feeble attempt to pursue discovery sanctions in paragraphs 8, 9, and 10 of Defendants untimely and generic motion for sanctions (Doc 65) is not proper and compliant with the Rules of Civil Procedure of this Court nor the local rules of this Court which renders Defendants motion for sanctions (Doc 65) even further moot beyond Defendants generic motion for sanctions (Doc 65) that was filed prematurely as outlined in paragraphs 1, 2, and 3 above in this *Plaintiffs Response (Supra)*.

6. That Plaintiffs former counsel have been withdrawn by this Court's Order (Doc 60) and as such said former counsel are no longer responsible or required to participate nor respond to Defendants unreasonable, unlawful, and untimely requests or demands whatsoever.

7. That undersigned Plaintiffs Counsel has spoken to Mediator Laurie Riemer on Friday, October 1, 2010, and was informed that not only was no mediation scheduled for Monday, October 5, 2010, at/through her office but undersigned Plaintiffs Counsel also learned that the mediator was on her way with her family on vacation out of town and was speaking to undersigned Plaintiffs Counsel via her cell phone from her family vehicle and informed undersigned Plaintiffs Counsel at that time that she was available

in either late October (but undersigned Plaintiffs counsel is not) or after November 15, 2010, to reschedule the court ordered mediation and that she would accommodate all parties and send out amended Notices for a mediation date when agreed upon by the parties. Moreover, there has been absolutely no prejudice to any party in that the mediation has not yet occurred and said mediation needs to be rescheduled.

**WHEREFORE,** Plaintiffs respectfully ask this Court to issue an Order denying Defendants Motion for Sanctions in whole, and further Order Defendants to immediately pay $2,000.00 to Plaintiffs Counsel as reasonable attorneys fees, in researching, preparing, and filing Plaintiffs Response to *Defendants Motion for Sanctions*, as a sanction against Defendants and for Plaintiffs pursuant to Local Rule 7.1 for egregious violation of that rule in whole by Defendants, and for all other relief that is proper in the premises.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed with this Court's electronic CM/ECF filing system, and that the foregoing is being furnished by U.S. Mail to any party that is not served electronically via CM/ECF (see service list), this 5th day of October, 2010.

**Lucero & Tiller Law Group, PLLC**

BY:   **s/Timothy D. Lucero**
**TIMOTHY D. LUCERO, J.D.**
Attorney for Plaintiffs
433 Plaza Real, Suite 275
Boca Raton, Florida 33432
(954) 592-5277
FL BAR #0075698

## Service List

The Tea Party and
Frederic B. O'Neal, Esq.
P.O. Box 842
Windermere, Florida 34786

Douglas Guetzloe
Post Office Box 531101
Orlando, Florida 32853

**Lucero & Tiller Law Group, PLLC**

BY: s/Timothy D. Lucero
**TIMOTHY D. LUCERO, J.D.**
**Attorney for Plaintiffs**
**433 Plaza Real, Suite 275**
**Boca Raton, Florida 33432**
**(954) 592-5277**
**FL BAR #0075698**