IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA

SOUTH FLORIDA TEA PARTY, INC.,
*et al.*,

        Plaintiff(s),

vs.                      CASE NO. 9:10-CV-80062-MARRA/JOHNSON
                                       (Judge Kenneth A. Marra)

TEA PARTY, *et al.*,

        Defendant(s).

_____/

**FILED by ____ D.C.**
**OCT 14 2010**
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. – MIAMI

## DEFENDANTS, TEA PARTY AND O'NEAL'S REPLY TO RESPONSE (Doc. 67) TO MOTION FOR SANCTIONS (Doc. 65)

Pursuant to Rule 7.1 of the local rules of this Court, Defendant, FREDERIC B. O'NEAL a/k/a "Fred O'Neal," ("Defendant") in his individual capacity and the TEA PARTY, an unincorporated Florida political party, by and through Defendant in his official capacity as its chairman and sole officer, reply to Plaintiffs' Response (Doc. 67) to Defendant's motion to impose appropriate sanctions (Doc. 65) on Plaintiffs and their former counsel for failing to provide the Court, the Court-appointed mediator and the Defendants with contact information for the Plaintiffs.

In reply thereto, Defendant would show this Court the following:

1

1. On October 5, 2010, attorney Timothy Lucero filed a response (Doc. 67) to Defendant's Motion for Sanctions (Doc. 65). In his Response, Lucero states that his filing of an "Appearance" (Doc. 64) on September 29, 2010 on behalf of unspecified "Plaintiffs" and his subsequent filing of a "Notice of Appearance" (Doc. 66) on October 1, 2010 on behalf of "Plaintiff Naples Tea Party, a group of concerned citizens," obviates the need to provide contact information on the individual Plaintiffs and Plaintiff entities.

2. Lucero's Response fails to address the "Notice to Filer" (Doc. 62) issued to Plaintiffs' former law firm that "Filer must electronically file a Notice of Current Pro Se Party Address within five (5) business days if the Motion to Withdraw is Granted."

3. Plaintiffs' former law firm's motion to withdraw (Doc. 58) was granted on September 7, 2010. (Doc. 60). That meant that Plaintiffs' former law firm should have filed the current addresses for the then-pro se Plaintiffs by September 13, 2010. They did not.

4. Nor did they or the Plaintiffs comply with the clear direction in Rule 26(a)(1)(A)(i) to provide Defendants with the name, address and telephone number of Plaintiffs as part of Initial Disclosures.

5. Nor did they or the Plaintiffs provide such information when specifically requested in discovery.

6. Nor did Plaintiff McClellan provide that information to the mediator in response to her repeated requests, as part of his responsibility to help coordinate a mediation conference under local rule 16.2.

7. In short, Lucero's filing of an "Appearance" on behalf of unspecified "Plaintiffs" and his subsequent filing of a "Notice of Appearance" on behalf of the Naples Tea Party does not obviate the fact that Plaintiffs, attorney Lucero and Plaintiffs former counsel continue to resist filing such contact information with the Court, in specific disregard of the instructions of the Notice to Filer (Doc. 62).

8. As for attorney Lucero's complaint regarding undersigned's conferring prior to filing a motion, Lucero was not an attorney of record herein at the time Defendant served his September 28, 2010 motion for sanctions and sent it by overnight delivery for filing. The certificate filed with the motion for sanctions accurately reflects that undersigned sent Plaintiff McClellan and Plaintiffs' former counsel a copy of his September 20, 2010 email to the mediator, warning them as follows:

> "If you [the mediator] have contact with the court, I would ask that you ask the court to issue plaintiffs' former law firm an order to show cause why they should not be held in contempt for failing to timely file the addresses of the now pro se plaintiffs. Put simply, this case cannot move forward until they do. If you don't feel comfortable asking the court to issue such an order, please let me know and I'll file the motion."

9. When the mediator notified the undersigned on September 28, 2010 that she still had not received the requested contact information on the Plaintiff and

3

would, therefore, have to cancel the proposed October 5, 2010 mediation date, the undersigned filed his subject motion for sanctions.

10. Undersigned didn't consult with the remaining Plaintiffs prior to his filing his motion for sanctions for the simple reason that he had no way of knowing how to contact them. Undersigned didn't consult attorney Lucero prior to filing the motion because Lucero had not yet filed an appearance.

11. As an aside, undersigned is composing a motion to compel attorney Lucero to file proof of his authority to represent the Plaintiffs herein. *See, e.g.,* Pueblo of Santa Rosa v. Fall, 273 U.S. 315, 319, 47 S.Ct. 361, 71 L.Ed. 658 (1927) ("...[I]n any event, the trial court, or this court, has power, at any stage of the case, to require an attorney, one of its officers, to show his authority to appear."). The repeated and emphatic refusal by Plaintiffs, their former attorneys, and now attorney Lucero to provide contact information on the Plaintiffs is cause for concern and suspicion. To paraphrase the Bard, "Methinks [they] protesteth too much." Why the continued and emphatic refusal to provide the Court with such information?

12. In Defendant's Motion for Sanctions (Doc. 65), Defendant failed to suggest an appropriate sanction. Defendant now suggests the Court impose a sanction to cause belated compliance with both Rule 26 Initial Disclosures and the Notice to Filer (Doc. 62). Accordingly, Defendant respectfuilly suggests that the Court impose a $500 per day joint and several sanction (payable to the Court) on Plaintiff McClellan and Plaintiffs former counsel from the date of the

Court's Order to the date the required contact information is filed with the Court.

Respectfully submitted by,

Frederic B. O'Neal, Esq., individually
and in his official capacity as chairman
and sole officer of the Tea Party,
a registered Florida minor political party
Florida Bar No. 0252611
Frederic B. O'Neal, Esq.
P.O. Box 842
Windermere, FL 34786
(407) 719-6796
Fax (407) 292-5368
Fredonealatlaw@aol.com

### Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail delivery on this 12th day of October, 2010, to the following persons:

Frank Herrera
Gustavo Sardina
Quintaros, Prieto, Wood & Boyer, P.A.
9300 South Dadeland Blvd.
Fourth Floor
Miami, FL 33156

Laurie Riemer
Certified Mediator and Arbitrator
20143 NE 19th Place
North Miami Beach, FL 33179

Timothy Lucero
Lucero & Tiller Law Group, PLLC
433 Plaza Real, Suite 275
Boca Raton, FL 33432

Remaining Plaintiffs
(address unknown)

_____
Frederic B. O'Neal, Esq., individually
and in his official capacity as chairman
and sole officer of the Tea Party,
a registered Florida minor political party
Florida Bar No. 0252611
Frederic B. O'Neal, Esq.
P.O. Box 842
Windermere, FL 34786
(407) 719-6796
Fax (407) 292-5368
Fredonealatlaw@aol.com

### Certificate

By email, dated September 20, 2010, the undersigned notified the mediator, Plaintiff Tim McClellan and Plaintiffs' former counsel that he would be filing a motion for sanctions for Plaintiffs and their former counsel's failure to file the mailing addresses of the Plaintiffs with the Court. Since then, neither the Plaintiffs nor their former counsel have filed those mailing addresses with the Court.

_____